**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**In Admiralty**

**Case No.: 1:23-cv-23556-JB/LMR**

GREAT LAKES INSURANCE SE,

Plaintiff,

v.

LILLY WILLIAMS and BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC. d/b/a CAPTAIN JOE'S BOAT RENTALS, TOURS & CHARTERS, INC.,

Defendants.
_______________________________________________/

## ORDER DENYING MOTIONS TO ALTER OR AMEND FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Lilly Williams's ("Williams") Motion to Alter to Amend Final Judgment, ECF No. [189] ("Williams's Motion"), and Defendant Baywatch Boat Rentals, Tours & Charters, Inc. d/b/a Captain Joe's Boat Rentals, Tours & Charter Inc.'s ("Captain Joe's") Motion to Alter or Amend Final Judgment, ECF No. [190] ("Captain Joe's Motion" and together with Williams's Motion, the "Motions"). Captain Joe's and Plaintiff Great Lakes Insurance SE ("Great Lakes") filed a Response to Williams' Motion, ECF Nos. [189], [195], and Williams filed a Reply, ECF No. [203]. Great Lakes filed a Response to Captain Joe's Motion, ECF No. [196], and Captain Joe's filed a Reply, ECF No. [202]. Upon due consideration of the parties' submissions, the pertinent portions of the record, the

applicable law, and for the reasons explained below, the Motions, ECF Nos. [189], [190], are **DENIED**.

## I. BACKGROUND

This matter arises from an incident aboard a charter vessel operated by Captain Joe's that resulted in Williams sustaining serious injuries, among which were fractures of her right tibia and fibula. ECF No. [95] at 3–4, 6. The incident has since prompted multiple legal actions. In addition to Williams' suit against Captain Joe's in state court (the "State Court Action"), Great Lakes, who insured Captain Joe's at the time of Williams injury, also filed a declaratory action seeking a finding that the insurance policy between Great Lakes and Captain Joe's (the "Policy") was void (the "Declaratory Action"). *See Great Lakes Insurance SE v. Baywatch Boat Rentals, Tours & Charters, Inc.*, No. 21-cv-21220-JLK (S.D. Fla. Oct. 13, 2022).

The Declaratory Action resulted in a settlement agreement between Great Lakes and Captain Joe's, (the "Settlement" or "Settlement Agreement") in October of 2022. Among the terms of the Settlement were that: (1) Great Lakes would return $150,000 worth of premium payments to Captain Joe's; (2) Captain Joe's would release Great Lakes from all liability under the Policy; (3) the Policy would be void from its inception; (4) the Policy would not cover Williams' claim; (5) Captain Joe's would not assign any rights it may have against Great Lakes to Williams; and (6) Captain Joe's would indemnify Great lakes from any claims by Williams arising from the incident with Captain Joe's. *See* ECF No. [93–7].

In the State Court Action, Williams and Captain Joe's ultimately settled their claims in the State Court Action by way of a consent judgment and a settlement and assignment agreement, (the "Consent Judgment"). *See* ECF No. [95] at 6; *see generally Lilly Williams v. Baywatch Boat Rentals, Tours & Charters, Inc.*, No. CACE-21-007626, (Fla. Cir. Ct. Apr. 15, 2021). The Consent Judgment stated that Williams could seek satisfaction of the agreed upon $800,000 judgment against "any other responsible agent or party, including but not limited to Great Lakes Insurance SE pursuant to the terms of the Settlement Agreement and Assignment," and assigned to Williams "all claims, rights, or benefits that Baywatch may have against Atlass and/or under the policy with Great Lakes . . . ." ECF No. [96–5] at 2.

On July 20, 2023, Williams turned to Great Lakes to satisfy the Consent Judgment by filing a Civil Remedy Notice, alleging that Great Lakes was acting in bad faith. *See* ECF No. [1–10].

The third action is the instant suit filed by Great Lakes on September 15, 2023, a declaratory action which asked the Court to recognize, among other things, the Settlement it reached with its insured, Captain Joe's, from its original Declaratory Action. *See generally* ECF No. [94] at 1–2. Specifically, the Complaint sought (1) a declaratory judgment that the Policy was void from its inception ("Count I"), (2) a declaratory judgment that Great Lakes did not commit bad faith under New York Law ("Count II"), (3) in the alternative to Count II, a declaratory judgment that Great Lakes did not commit bad faith under Florida law ("Count III"), (4) a breach of the Settlement Agreement against Captain Joe's ("Count IV"), and (5) a Contractual

Indemnity against Captain Joe's ("Count V"). *See* ECF No. [33–1]. Williams filed a counterclaim for declaratory judgment that the Policy provides indemnity coverage to Williams for her Consent Judgment. *See* ECF No. [10] at 12. The parties each filed Motions for Summary Judgment and supporting statements of material facts, ECF Nos. [93], [94], [90], [95], [96], [97], which were referred to Magistrate Judge Reid for a Report and Recommendation, ECF No. [58].

Magistrate Judge Reid filed a Report and Recommendation (the "R&R"), recommending that Great Lakes's and Williams's Motions for Summary Judgment be granted in part and denied in part, and that Captain Joe's Motion for Summary Judgement be denied. ECF No. [135]. More specifically, regarding Great Lakes' Count I claim for a declaratory judgment that the Policy was void from its inception, and Williams' counterclaim for coverage under the Policy, the R&R concluded that the policy was not void from inception, that Williams has standing to challenge the Policy, and found a genuine issue of material fact as to whether the Policy could be void for other reasons. *See id.* at 23–27. As to Counts II and III, the R&R found Williams' bad faith claims under Florida and New York law were without merit, and granted Great Lakes' motion for summary judgment, and denied Williams' motion for summary judgment. *Id.* at 29. As to Great Lakes' Count IV for breach of contract, the R&R granted Great Lakes' motion for summary judgment and denied Captain Joe's motion for summary judgment, finding that Captain Joe's did indeed breach its contract with Great Lakes by purporting to assign any rights to Williams. *See id.* at 31. Lastly, the R&R found that the indemnity clause contained in the Settlement

Agreement did indeed apply to any claims Williams would assert against Great Lakes as a result of her injuries, and recommended that summary judgment be granted in favor of Great Lakes on Count V. *Id.* at 33–34.

Great Lakes, Williams, and Captain Joe's each filed objections to the R&R (the "Objections"), ECF Nos. [146], [138], and [145], to which each party responded, ECF Nos. [151], [152], [154], [155].

In its Objections, Great Lakes argued that the Policy was void from its inception based on the Settlement Agreement because Williams was not a party to the Policy nor a third-party beneficiary at such time, and because this Court previously confirmed the same. *See* ECF No. [146] at 4–5; *see also Great Lakes I,* No. 1:21-CV-21220-JLK, 2022 WL 22835905, at *2. Great Lakes asserted that to find otherwise is to "vitiate the freedom of contract, create chaos, and leave insurers and insureds to question whether such an agreement could ever be made." *See id.* at 5. Great Lakes argued that the R&R eluded this point by not reaching a conclusion as to whether the Policy was voided by the Settlement Agreement and avoiding a ruling on whether it was void for other reasons. *Id.* at 6 (quoting ECF No. [135] at 30–31).

Great Lakes also asserted that the Settlement Agreement negated the duty of Great Lakes to indemnify Captain Joe's with respect to any damages for Williams' injuries. In that case, argued Great Lakes, whether the Policy is void or not may not matter, because Captain Joe's already agreed to release Great Lakes of such duties to indemnify for any claims related to Williams' injuries. *Id.* at 13.

Williams' Objections agreed with the R&R as to Williams' ability to challenge the Settlement Agreement but contested that the Policy could be void for any other reason. ECF No. [138] at 4–5. Williams also argued that the R&R should not have considered certain arguments presented by Great Lakes in response to Williams' counterclaims, disagreeing with the R&R's conclusion that such arguments were included in Great Lakes' Amended Complaint and in Great Lakes' Affirmative Defenses. *Id.* at 6 (quoting ECF No. [135] at 5, n.10).

Lastly, Captain Joe's Objections took issue with the R&R's findings that Captain Joe's (1) breached the Settlement Agreement by assigning its rights to Williams in the Captain Joe's Settlement Agreement; and (2) must indemnify Great Lakes should Williams be able to collect on the Policy. *See* ECF No. [145]. More specifically, Captain Joe's argued that there is no causal connection between the alleged breach of contract and the damages that resulted because neither Williams nor Captain Joe's believed there was an assignment as part of the Captain Joe's Settlement Agreement. *Id.* at 4–10. Captain Joe's also argued that the indemnification clause in the Settlement Agreement did not apply to future claims by Williams, such as her counterclaim. *Id.* at 12.

The Court held oral argument on the Objections to the R&R. *See* ECF Nos. [169], [171]. Prior to Oral Argument, Williams filed a Notice of Supplemental Authority in which she provided case law for the proposition that it is against public policy for an insurer and its insured to enter into a settlement agreement which voids an insurance policy from its inception while there is notice of an existing third-party

claim against the insured. ECF No. [161]. Great Lakes and Captain Joe's each filed a Response. *See* ECF Nos. [166] and [167]. On September 18, 2025, the Court requested additional briefing on this issue. ECF No. [175]; *see* ECF Nos. [181], [182], [183], [184], [185], [186].

After conducting a *de novo* review of the record and the issues presented in the parties' Objections, the Court entered an order rejecting in part and affirming and adopting in part the R&R. ECF No. [187]. The Court rejected the recommendation as to Count I, holding instead that there is "no basis to set aside the Settlement" and as such, "the Policy at issue is void, and summary judgment as to Great Lakes's Amended Complaint must be granted." *Id.* at 16. The Court affirmed and adopted the remainder of the R&R, granting summary judgment in favor of Great Lakes as to Counts II, III, IV, and V. *Id.* at 16–17. Thus, the Court granted Great Lakes's Motion for Summary Judgment, denied Williams's Motion for Summary Judgment, and denied Captain Joe's Motion for Summary Judgment. *Id.*

Thereafter, pursuant to Federal Rule of Civil Procedure 58(a), the Court entered a Final Judgment granting the relief sought by Great Lakes on Counts I, II, III, IV, and V of its Amended Complaint (the "Final Judgment"). ECF No. [188] at 1. In the Final Judgment, the Court declared that "the subject insurance policy between Great Lakes and Captain Joe's is void from its inception and that, as a result, Great Lakes has no obligation to satisfy Williams' consent judgment." *Id.*

In January 2026, Williams and Captain Joe's filed the instant Motions to alter or amend the final judgment pursuant to Rule 59(e), both arguing that

reconsideration is necessary to correct a "clear error and prevent manifest injustice." *See* ECF No. [189] at 2; ECF No. [190] at 3. Williams asserts that the Settlement Agreement violates New York public policy and thus seeks reconsideration of the Court's determination that the Policy is void due to the Settlement Agreement. ECF No. [189] at 4–7. Captain Joe's does not seek reconsideration of the Court's determination that the Policy is void, nor is it "attempt[ing] to relitigate the broader contractual validity of the [Settlement Agreement]." ECF No. [190] at 2. Instead, it seeks reconsideration of the determination that it breached the Settlement Agreement and the "implication that Captain Joe's is obligated to indemnify Great Lakes for attorneys' fees and/or costs incurred in litigating issues related to [Williams] and in pursuing declaratory relief concerning the [Settlement Agreement]." *Id.*

## II. ANALYSIS

Under Rule 59(e), "a district court may 'alter or amend a judgment.'" *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019) (quoting Fed. R. Civ. P. 59(e)). Reconsideration under Rule 59(e) "is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003), *aff'd sub nom. Bautista v. Cruise Ships Catering*, 120 F. App'x 786 (11th Cir. 2004).

"Rule 59(e) does not afford dissatisfied parties a chance 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408

F.3d 757, 763 (11th Cir. 2005)). A district court does not abuse its discretion by declining to consider an argument made for the first time in a Rule 59(e) motion. *Id.* (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985) ("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'")).

"The only grounds for relief under Rule 59(e) are the discovery of new evidence or the existence of a manifest error of law or fact." *Buttram v. Soc. Sec. Admin., Com'r*, 594 F. App'x 569, 571 (11th Cir. 2014) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)); *see also Waite v. All Acquisition Corp.*, 194 F. Supp. 3d 1298, 1307 (S.D. Fla. 2016) ("While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." (collecting cases)).

To demonstrate clear error or manifest injustice, "the movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292 (S.D. Fla. 2012); *see also Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) ("[T]o the extent [the movant] merely reargues points previously considered and rejected by the Court, or tries to raise new arguments and point to new evidence that could have been raised

earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration."). Rather, "clear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Campero USA Corp.*, 916 F. Supp. 2d at 1292–93 (S.D. Fla. 2012) (quoting *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1293.

As mentioned, Williams and Captain Joe's both move to alter or amend the final judgment pursuant to Rule 59(e) and, specifically, to correct a "clear error and prevent manifest injustice." *See* ECF No. [189] at 2; ECF No. [190] at 3. Both Motions, however, fail to satisfy the clear error or manifest injustice standard to warrant relief under Rule 59(e).

**a. Williams' Motion**

Williams' Motion seeks reconsideration of the Court's ruling that the Policy at issue is void due to the Settlement Agreement. ECF No. [189] at 2–9. First, Williams argues that the non-applicability of the New York Direct Action Statute, New York's Insurance Law, § 3240, "does not determine whether New York common law can be considered in determining its public policy," and that "the non-applicability of [the New York Direct Action Statute] is irrelevant and unnecessary because Great Lakes pled a separate and distinct jurisdictional basis for this case." *Id.* at 2–3. This

argument misapprehends the Court's ruling. The only reason the Court addressed the applicability of the New York Direct Action Statute was to distinguish *Sales v. Underwriters Ins. Co.*, No. 93-cv-7580, 1995 WL 144783 (S.D.N.Y. Apr. 3, 1985), a case Williams relied upon for the argument raised in her R&R objections that the Settlement Agreement should be set aside because it is New York public policy to ensure compensation to third parties who put insurers on notice of their claims. See ECF No. [187] at 12; ECF No. [182] at 1. The basis of the Court's jurisdiction had nothing to do with the Court's determination that the Policy was void. *See* ECF No. [187] at 8–16. In addition, Court *did* consider New York common law but determined there are no applicable public policy arguments to justify setting aside the Settlement that was reached between Great Lakes and Captain Joe's. *See id.*

Second, Williams argues that the Settlement Agreement violates New York public policy. ECF No. [189] at 4. Williams acknowledges that the Court "addressed its reasons for refusing to extend the principles set out in the cases cited by Williams," but nonetheless argues that "*Sales v. Underwriters Ins. Co.* is clearly the best discussion of New York common law as it pertains to the type of settlement agreement at issue here." *Id.* at 5. She asserts that "the New York common law analysis employed in *Sales* should be reconsidered because it represents the closest case to being on point with regard to the public policy issues." *Id.* at 6. The Court addressed *Sales* at length in its Order and rejected its applicability. ECF No. [187] at 12–13. Because Williams "simply rehashes previously litigated issues" that were rejected by the Court, she has failed to provide a basis for relief under Rule 59(e). *United States*

*v. Russo*, No. 11-cr-006337, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011); *see also Valdez v. Miami-Dade Cnty.*, No. 19-cv-20647, 2020 WL 3547767, at *2 (S.D. Fla. June 30, 2020) (denying motion for reconsideration because it "merely rehashe[d] old arguments and urge[d] the Court to rethink its prior decision").

**b. Captain Joe's Motion**

Captain Joe's seeks reconsideration of the Court's rulings in favor Great Lakes on its breach-of-contract and indemnification claims. ECF No. [190] at 2–3. First, Captain Joe's asserts that "New York law requires a direct and proximate causal relationship between an alleged contractual breach and the damages sought" and argues that there is no "causal connection between the alleged breach and the claimed damages." *Id.* at 4. As Captain Joe's acknowledges, it previously raised this precise argument in its objections the R&R. *See id.* (noting that its "causation analysis was fully presented to the Court"); ECF No. [145] at 8 (arguing that "[t]he Court should have found that Plaintiff has failed to establish the required causal element to damages to succeed on its breach of contract claim"). The Court already considered—and rejected—this argument in its Order on the R&R. *See* ECF No. [187] at 16. Accordingly, Captain Joe's causation argument cannot now serve as grounds for relief under Rule 59(e). *See White v. Carnival Corp.*, No. 25-CV-20925, 2025 WL 2644701, at *3 (S.D. Fla. Sept. 15, 2025) (explaining that because the movant did "not make any new argument, but rather attempt[ed] to simply rehash the same issues the Court ha[d] already addressed, the argument is impermissible upon reconsideration").

Second, Captain Joe's argues that once the Court declared the Policy void *ab initio,* "there was no longer any judgment, liability, or loss for which indemnification could apply" and its "indemnity obligation cannot survive." ECF No. [190] at 4. Captain Joe's further argues that an indemnity obligation could only "arise, if it all … in connection with a future, actual enforcement action …." *Id.* at 12; *see also id.* at 6 ("[T]he R&R did not engage with Captain Joe's arguments concerning the scope and operation of indemnity (especially as to future claims) under New York law, instead stating that, 'This Court need not delve deeply into such wordsmithing.'" (quoting ECF No. [135] at 33)). However, in its objections to the R&R, Captain Joe's previously raised these same arguments, and the Court considered and rejected them. *See* ECF No. [145] at 21 (arguing that "[i]f the Policy was voided … then Captain Joe's would have no obligation to indemnify Great Lakes"); *id.* at 12 ("In the R&R, the Court summarily dismissed Captain Joe's argument that the language in the indemnification provision does not include language that would apply to future claims, holding without any analysis as to how it reached its conclusion '[t]his Court need not delve deeply into such wordsmithing.'" (quoting ECF No. [135] at 33)); ECF No. [187] at 16. Having already raised and lost on these arguments, reconsideration is therefore unwarranted. *Flick Mortg. Invs., Inc. v. Metropolis Promotion Invs. & Props. (1993) Ltd.*, No. 04-cv-21900, 2006 WL 8436203, at *2 (S.D. Fla. Feb. 9, 2006), *aff'd*, 212 F. App'x 775 (11th Cir. 2006) (denying Rule 59(e) motion where the moving party provided "no new legal or factual grounds, but only with what amounts to disagreement with [the Court's] prior order").

Finally, Captain Joe's argues that the Settlement Agreement's text "independently forecloses any claim for attorneys' fees arising from this litigation." ECF No. [190] at 6. More specifically, Captain Joe's argues that paragraph 16 is the "only provision in the [Settlement Agreement] that addresses attorneys' fees" and it "provides for fee-shifting only to the prevailing party in an 'enforcement action'" and "[t]he declaratory judgment action litigated here does not fall within that category." *Id.* at 6, 8. The R&R explicitly relied on paragraph 16 of the Settlement Agreement to reject "Captain Joe's argu[ment] that Great Lakes' is not owed attorneys' fees because it is not mentioned in paragraph 10 of the [Settlement Agreement]." ECF No. [135] at 34. Yet Captain Joe's did not raise an objection to the R&R on this basis. *See generally* ECF No. [145]. Because Captain Joe's could have—but failed to—raise this argument earlier, it therefore fails to satisfy the standard for reconsideration. *See Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir.2012) ("A motion to alter or amend a judgment cannot be used to … raise arguments … that could have been raised prior to the entry of judgment.").

## III. CONCLUSION

As explained above, both Williams and Captain Joe's fail to establish that the extraordinary remedy of reconsideration is warranted. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Williams' Motion, ECF No. [189], and Captain Joe's Motion, ECF No. [190], are **DENIED**.[1]

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

[1] Captain Joe's has expressed an intention to appeal the portion of the Court's Order pertaining to Captain Joe's indemnity obligations and Great Lakes's entitlement to attorneys' fees. *See* ECF No. [202-1]. Accordingly, Great Lakes's Motion for Bill of Costs, ECF No. [191], and Motion for Attorney's Fees and Non-Taxable Costs, ECF No. [205], are hereby **STAYED** pending resolution of any appeal in this case. If Captain Joe's does not file an appeal, the Court will lift the stay of these Motions.